**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 18-4714**

UNITED STATES OF AMERICA,

Plaintiff - Appellee,

v.

JUAN CARLOS GARCIA TORRES, a/k/a Juan Carlos Garcia, a/k/a Juan C. Garcia, a/k/a Juan Carlos Torres, a/k/a Juan C. Torres, a/k/a Juan Garcia-Turres, a/k/a Juan Carlos Torres-Garcia,

Defendant - Appellant.

Appeal from the United States District Court for the Eastern District of Virginia, at Alexandria. Liam O'Grady, District Judge. (1:18-cr-00002-LO-1)

Submitted: October 15, 2019                    Decided: October 24, 2019

Before HARRIS and RICHARDSON, Circuit Judges, and SHEDD, Senior Circuit Judge.

Affirmed by unpublished per curiam opinion.

Geremy C. Kamens, Federal Public Defender, Patrick L. Bryant, Appellate Attorney, Kevin E. Wilson, Assistant Federal Public Defender, OFFICE OF THE FEDERAL PUBLIC DEFENDER, Alexandria, Virginia, for Appellant. G. Zachary Terwilliger, United States Attorney, Alexandria, Virginia, Richard D. Cooke, Assistant United States Attorney, OFFICE OF THE UNITED STATES ATTORNEY, Richmond, Virginia, for Appellee.

Unpublished opinions are not binding precedent in this circuit.

PER CURIAM:

Juan Carlos Garcia Torres appeals his conviction for unlawful reentry after removal following a felony conviction, in violation of 8 U.S.C. § 1326(a), (b)(1) (2012). For the reasons set forth below, we affirm.

Citing *Pereira v. Sessions,* 138 S. Ct. 2105 (2018), Garcia Torres argues that the district court should have permitted him to withdraw his guilty plea to illegal reentry on the ground that he was legally innocent as his underlying removal order was invalid. We review the denial of a motion to withdraw a guilty plea for abuse of discretion. *United States v. Nicholson*, 676 F.3d 376, 383 (4th Cir. 2012).

In *Pereira*, the Supreme Court held that a notice to appear (NTA) that does not designate the specific time and place for the first hearing "is not a 'notice to appear under [8 U.S.C. §] 1229(a) [2012]'" and does not terminate the alien's period of continuous presence for purposes of cancellation of removal. *Pereira*, 138 S. Ct. at 2109-10 (quoting 8 U.S.C. § 1229b(d)(1)(A) (2012)). The Supreme Court stated that it was addressing a "narrow question[:] . . . If the Government serves a noncitizen with a document that is labeled 'notice to appear,' but the document fails to specify either the time or place of the removal proceedings, does it trigger the stop-time rule?" *Id.* at 2110. The Court answered the question in the negative, noting that, according to statute, the relevant period of continuous presence terminates "'when the alien is served a notice to appear *under section 1229(a)* of this title.'" *Id.* (quoting 8 U.S.C. § 1229b(d)(1)(A) (emphasis added)).

Citing § 1229(a), Garcia argues that, following *Pereira,* "an immigration court lacks authority to commence proceedings, or to issue an order of removal, absent service of a

2

notice to appear that specifies the time and place of the proceedings." (Appellant's Br. at 11). He therefore concludes that his "initial removal proceeding was void." (*Id.* at 14). We recently held in *United States v. Cortez*, 930 F.3d 350, 362-65 (4th Cir. 2019), however, that "[i]t is the regulatory definition of 'notice to appear,' and not § 1229(a)'s definition, that controls in determining when a case is properly docketed with the immigration court under 8 C.F.R. § 1003.14(a) [(2019)]."

As in this case, Cortez moved to dismiss the indictment, which charged him with illegal reentry, on the ground that the immigration judge lacked jurisdiction to enter the order of removal because the NTA failed to provide a date or time for the removal hearing. *Id.* at 353-54. We rejected Cortez's claim for two reasons. First, as we explained, § 1003.14(a) is "a docketing rule" lacking jurisdictional significance, meaning that a violation of that rule would not deprive an immigration court of authority to adjudicate a case. *Id.* at 355. And second, as we further explained, Cortez was in any event wrong on the merits: Whether a case is properly docketed with the immigration court under § 1003.14(a) turns on whether the notice filed with the immigration court satisfies the distinct requirements set out at 8 C.F.R. § 1003.15(b)-(c) (2019)—which do not mandate inclusion of the hearing date and time. *Id.* at 363-66.

The NTA filed with the immigration court in Garcia Torres' case conformed to that regulatory definition. Accordingly, we conclude that Garcia Torres' claim is squarely foreclosed by *Cortez*, and that the district court did not abuse its discretion in denying his motion to withdraw his guilty plea. We therefore affirm the criminal judgment. We dispense with oral argument because the facts and legal contentions are adequately

3

presented in the materials before this court and argument would not aid the decisional process.

*AFFIRMED*